21 F.3d 422
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jeffrey Todd KEPLINGER, Petitioner Appellant,
v.
Steve KISNER, Sheriff, Taylor County, West Virginia,
Respondent Appellee.
 No. 93-7216.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1994.
Decided March 11, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-93-71-E)
 Jeffrey Todd Keplinger, appellant Pro Se.
 Jacquelyn Irwin Custer, Office of the Attorney General of West Virginia, Charleston, WV, for appellee.
 N.D.W.Va.
 DISMISSED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition.[1] Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court.[2] Keplinger v. Kisner, No. CA-93-71-E (N.D.W. Va. Sept. 28, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 [1]
 Appellant never filed a pleading properly styled as a notice of appeal under Fed. R.App. P. 3. However, we have accepted this appeal under a liberal construction of Appellant's motion for an extension of time in which to appeal, filed and served on opposing counsel within thirty days of the entry of final judgment, see Houston v. Lack, 487 U.S. 266, 276 (1988) (pro se prisoner's notice of appeal deemed filed upon delivery to prison official for forwarding to district court), as a timely notice of appeal. While not strictly conforming to the dictates of Rule 3, Appellant's motion evinced an intent to appeal with sufficient clarity to constitute a notice of appeal, Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991), while notifying both opposing counsel and the court of that intent. Smith v. Barry, 60 U.S.L.W. 4065, 4067 (U.S.1992)
 
 
 [2]
 We also deny Appellant's motion for appointment of counsel